IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAMION D. FLOWERS, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:19-cv-683-K (BT) |
| | § | |
| BORDEN MILK CO., | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Damion Flowers filed a *pro se* civil action alleging employment discrimination, which the Court referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b). The Court granted Plaintiff leave to proceed *in forma pauperis* and withheld issuing process pending judicial screening. Having screened the complaint, the magistrate judge recommends that this case be DISMISSED.

I.

On March 19, 2019, Plaintiff filed an original complaint that stated, in its entirety, "Racial Discrimination, Discrimination. Reason I'm unemployed and can't work. Borden Milk. 1) Ran into by a 18-wheeler. 2 surgeries 5/16/16. 2) Another car accident." Pl.'s Compl. 1-2 (ECF No. 3). Plaintiff also attached a Notice of Right to Sue issued on December 21, 2018 by the Equal Employment Opportunity Commission. *Id.* 3-4. On March 25, 2019, the Court sent Plaintiff a

1

notice of deficiency advising him that his complaint failed to comply with Fed. R. Civ. P. 8(a).[1] Notice of Deficiency and Order (ECF No. 7).

On April 26, 2019, Plaintiff filed an amended complaint, which states in its entirety:

> Applied for a job or position listed as blow mold operator. Once at Borden and introducing myself or meeting I was told to unload trailers by hand a job that I'm over qualified to do and was not hired to do. After the incident or this hate crime. (sic) After that I was nearly killed (by amputation) by an 18 wheeler and rushed to surgery. I received racist comments and actions and a straining (sic) order and told not to come back.

Pl.'s Am. Compl. 1 (ECF No. 11). Plaintiff also attached a copy of an EEO charge of discrimination, which states "During my employment, my employer hit me with an eighteen (18) wheeler truck. Based on information and belief it was done because of my race." *Id.* 2. The EEO charge states that Plaintiff is black. *Id.* The complaint does not state what relief Plaintiff is seeking.

## II.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which

---

[1] Rule 8(a) requires that a plaintiff's complaint contain "a short and plain statement of the grounds for the court's jurisdiction; a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for the relief sought, which may include relief in the alternative or different types of relief."

2

relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."*Ashcroft v. Iqbal*, 556 U.S. 662, __ (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

### III.

To establish a claim of employment discrimination, Plaintiff must plead and prove that he (1) is a member of a protected class; (2) was qualified for the position; (3) was subject to an adverse employment action; and (4) was replaced by someone outside the protected class, or, in the case of disparate treatment, shows that other similarly situated employees were treated more favorably. *Bryan v. McKinsey & Co.*, 375 F.3d 358, 360 (5th Cir. 2004). While Plaintiff is not required to submit evidence to establish all the elements of his claim to survive summary dismissal at this stage of the litigation, he must plead enough facts on all the ultimate elements of his discrimination claim to make his case plausible. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) (per curiam) (citing *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013)).

In this case, Plaintiff alleges that he was discriminated against when an unnamed person ordered him "to unload trailers by hand a job that I'm over qualified to do and was not hired to do." Pl.'s Am. Compl. 1. This allegation, even if proved, does not constitute an "adverse employment action" under Fifth Circuit law. "[A]dverse employment actions include only ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating." *Mitchell*, 326 F. App'x 852, 854 (5th Cir. 2009) (quoting *McCoy v. City of Shreveport*, 492 F.3d 551, 559 (5th Cir. 2007). Being assigned unpleasant or demeaning tasks does not constitute an adverse employment action. *See, e.g. Southard v. Texas Board of Criminal Justice*, 114 F.3d 539, 554 (5th Cir. 1997) ("Undesirable work assignments are not adverse employment actions."); *see also Hart v. Life Care Ctr. Of Plano*, 243 F. App'x 816, 818 (5th Cir. 2007) (holding that being assigned more difficult tasks is not actionable); *Matthews v. City of Houston Fire Dep't*, 609 F. Supp. 2d 631, 645 (S.D. Tex. 2009) ("[M]ere assignment of undesirable duties" is not considered an ultimate employment decision.). Thus, Plaintiff fails to allege that he suffered an adverse employment action. Plaintiff also fails to allege that other similarly situated employees outside his protected class were treated more favorably.

Plaintiff states that he "received racist comments and actions" after he was run over by an 18-wheeler. Pl.'s Am. Compl. 1. Employment discrimination claims can be proven by direct evidence. *Russell v. McKinney Hosp. Venture*, 235 F.3d

4

219. 222 (5th Cir. 2000). "To serve as direct evidence of an employer's discriminatory intent, a workplace comment must be 'direct and unambiguous, allowing a reasonable jury to conclude without any reference or presumptions that [race] was an impermissible factor in the decision to terminate the employee.'" *Vital v. Nat'l Oilwell Varco*, 2014 WL 4983485 at *18 (S.D. Tex. Sept. 20, 2014) (quoting *EECO v. Tex. Instruments, Inc.*, 100 F.3d 1173, 1181 (5th Cir. 1996)). Here, Plaintiff states only that he "received racist comments and actions." He does not describe the alleged racist comments or actions; nor does he allege that any comments directly and unambiguously point to the conclusion that his race was used as an impermissible factor with respect to any adverse employment decision—including being run over by a truck. Plaintiff has thus failed to state a plausible claim for employment discrimination, and his complaint should be dismissed.

## IV.

Plaintiff's complaint should be summarily dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2). Ordinarily, a *pro se* plaintiff should be granted the opportunity to amend his complaint prior to a dismissal. But leave to amend is not required when the plaintiff has already pled his "best case." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Here, the Court notified Plaintiff that his original complaint was deficient and allowed him an opportunity to file an amended complaint. His amended complaint also fails to cure the deficiencies. It

5

thus appears that Plaintiff has pleaded his best case, and the complaint should be dismissed with prejudice.

Signed May 29, 2019.

                                                   REBECCA RUTHERFORD
                                                   UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).